IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY EDWARDS,

                OPINION AND ORDER

      Plaintiff,

                17-cv-950-bbc

      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Mary Edwards is seeking review of a final decision denying her claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). Plaintiff contends that she has been disabled since July 26, 2003 because of numerous impairments, including degenerative disk disease, asthma and degenerative joint disease. The administrative law judge concluded that even though plaintiff has severe impairments, she is not disabled because she can perform sedentary exertional work with some additional limitations. On appeal, plaintiff argues that the administrative law judge failed to (1) give proper consideration to a Department of Veterans Affairs' finding that she is disabled and unemployable; and (2) give an adequate explanation for discounting the opinion of plaintiff's treating physician assistant and doctor. For the reasons explained below, I am not persuaded by plaintiff's arguments. Therefore, I will affirm the acting commissioner's decision.

The following facts are drawn from the administrative record (AR).

FACTS

A. Social Security Applications and Background

Plaintiff Mary Edwards was born on March 7, 1973. She first filed for disability insurance and supplemental security benefits on January 28, 2011, contending that she had been disabled since July 26, 2003 because of back and shoulder problems, sciatica and asthma. AR 247-49,1618. Her application was denied initially and on reconsideration in 2012, and after a hearing before an administrative law judge. AR 30-38, 71-120. Plaintiff appealed and this court remanded that decision on the grounds that the administrative law judge had failed to explain adequately why he discounted the opinions of a physician assistant, Loren Arends, that was approved by plaintiff's treating physician, Dr. Richard Ahn. AR 1104. Edwards v. Colvin, 14-cv-150-bbc, dkt. #18 (Nov. 25, 2014).

On remand, Administrative Law Judge Thomas Springer held a hearing and issued a decision finding plaintiff not disabled. AR 1065-95, 1699-1708. Plaintiff appealed. AR 1719-20; Edwards v. Colvin, 16-cv-256-bbc. After plaintiff filed a motion for summary judgment, the commissioner and plaintiff stipulated to a remand of the case. AR 1720.

After the stipulated remand, the Appeals Council remanded the case to the administrative law judge with the following instruction:

> The Administrative Law Judge did not evaluate the determination of the Department of Veteran Affairs (VA) (Tr. 205-215). The VA concluded that the claimant was 100% disabled based on her impairments of low back pain, asthma, and shoulder pain as of July 26, 2003. The VA cited specific medical evidence that was relied on with respect to the claimant's impairments (Tr. 212-214). In addition, the VA concluded that the claimant had multiple absences for doctors' appointments related to her conditions [which] contributed to her disability (Tr. 214). It was also noted that the claimant was prescribed narcotics for her back pain, which caused drowsiness

and that her drowsiness combined with her pain resulted in difficulty concentrating. Evaluation of the VA's determination is needed in accordance with Social Security Ruling 06-3p.

On remand, the Administrative Law Judge will:

Evaluate the determination of the Department of Veterans Affairs (VA) in accordance with Social Security 06-3p.

As necessary, give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.

AR 1729-30.

After holding another administrative hearing, Administrative Law Judge Springer issued a decision finding plaintiff not disabled. AR 1609-18, 1628-54. The Appeals Council denied plaintiff's request for review, making the hearing decision the final decision of the commissioner.

## B.  Veterans Affairs Disability Decision

On September 20, 2004, the Department of Veterans Affairs issued a decision finding plaintiff unemployable and entitled to benefits. AR 212-215. The VA made the following findings:

- plaintiff's disk bulge at L5-S1 was 40 percent disabling, effective October 9, 2002;

- plaintiff's right lower extremity neurological manifestations were 10 percent disabling, effective October 9, 2002;

- plaintiff's allergen-induced asthma was 30 percent disabling, effective August 15, 2002;

3

- plaintiff's left-shoulder rotator cuff tendinitis was 30 percent disabling, effective March 12, 2002; and

- plaintiff was unemployable as of July 26, 2003.

Id.

The VA decision was based on a review of plaintiff's medical records, as well as evaluations by the VA in February and March 2003. The VA concluded that plaintiff was unemployable because "the combination of your service connected disabilities is of such severity as to render you unable to obtain and maintain substantially gainful employment." AR 214. The decision further noted that plaintiff had missed "significant amounts of time" from work for "appointments for your service connected conditions." Id. Additionally, "treatment records reflect your ongoing struggles with back pain" and narcotic medication which "has a side effect of drowsiness." The VA noted that the pain medication and plaintiff's pain "affects your ability to concentrate." Id.

### C. Administrative Law Judge's Decision

The administrative law judge found that plaintiff last met the insured status requirements under the Social Security Act on December 31, 2008. AR 1611. Next, he found that plaintiff had not engaged in substantial gainful activity from July 26, 2003, the alleged onset date of her disability, and December 31, 2008, the date on which she had last been insured. Id. The administrative law judge found that plaintiff's degenerative disk disease, asthma and degenerative joint disease were all severe impairments, but that none

of the impairments, alone or in combination, met or medically equaled the severity of a listed impairment. AR 1612.

The administrative law judge concluded that plaintiff's subjective complaints about her back and leg problems were not consistent with the medical evidence in the record or plaintiff's own reports about her activities. In particular, the administrative law judge noted that although plaintiff had been seen for back problems since 2003, there were several progress notes in which she reported that her back had been doing well and that she was able to perform physical activities such as martial arts. AR 1613-14. The administrative law judge also noted that plaintiff testified at the hearing that she had no problems caring for personal hygiene and could cook, clean, do laundry, iron, shop, drive, sew, watch television, read and use a computer. AR 1615. Plaintiff had also earned a blue belt in karate during the time she alleged she had disabling pain. Id.

There were several medical opinions in the record regarding plaintiff's functional limitations. The administrative law judge gave "little weight" to permanent limitations provided by plaintiff's physician assistant, Loren Arends, and Dr. Richard Ahn, because their assessment was written three months before the alleged onset of plaintiff's disability and was based on an exam that took place four months before the alleged onset date. Id. The administrative law judge stated that subsequent medical records showed that plaintiff's back condition improved with exercise, martial arts and physical therapy. Id. The administrative law judge also gave "little weight" to the Department of Veterans Affairs finding that plaintiff was 100 percent unemployable. Id. Finally, the administrative law judge gave

5

"significant weight" to the assessments of the state agency medical consultants, who found that plaintiff was limited to "light exertion with some environmental limitations." Id. However, in crafting plaintiff's residual functional capacity, the administrative law judge included additional limitations beyond those found by the agency physicians.

The administrative law judge found that, through the date plaintiff had last been insured, she had the residual functional capacity to perform sedentary work, with the following limitations: lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; standing and walking about two hours and sitting about six hours, so long as she was allowed to alternate between sitting and standing at will and alternating did not cause her to be off task in excess of 10 to 15 percent of the work day in addition to regular breaks; climbing ramps and stairs, stopping, crouching, kneeling and crawling occasionally; reaching to shoulder level with the left upper extremity occasionally; being exposed to vibration, hazards, extremes in temperature and humidity, fumes, dust, odors, gases and poorly ventilated environments only occasionally; and never climbing ladders or scaffolding. AR 1612.

The administrative law judge concluded that with this residual functional capacity, plaintiff could perform her past relevant work as an administrative assistant, as well as other jobs that exist in significant numbers in the national economy. AR 1616-17. Therefore, he concluded that plaintiff was not disabled. AR 1618.

OPINION

Plaintiff contends that the administrative law judge erred by (1) failing to properly assess the disability decision by the Department of Veterans Affairs; and (2) improperly discounting the opinion of plaintiff's treating physician assistant and doctor.

A. Veterans Affairs Disability Decision

Plaintiff argues that the administrative law judge failed to properly assess the VA disability decision because he devoted only one paragraph of his decision to the VA opinion and did not specifically discuss all of the VA's findings, such as plaintiff's frequent medical appointments and use of narcotic medication that affected her concentration. Plaintiff points specifically to the remand order of the Appeals Council, which directed the administrative law judge to "[e]valuate the determination of the Department of Veterans Affairs (VA) in accordance with Social Security 06-3p."

Under Social Security 06-03p, "a determination made by another agency [e.g., Workers' Compensation, the Department of Veterans Affairs, or an insurance company] that you are disabled or blind is not binding on us." SSR 06-03p (bracket in original). However, the ruling acknowledges that such decisions "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies on their rules." Id. (The ruling was rescinded on March 27, 2017, but applies to claims filed before that date.) Federal regulations make it clear that the commissioner is neither bound by nor required to assign any particular weight to the decision of another agency; he or she need only explain the consideration given to such a decision. 20 C.F.R.

7

§§ 404.1504 & 416.904. Similarly, the Court of Appeals for the Seventh Circuit has stated that "[d]eterminations of disability by other agencies do not bind the Social Security Administration," and "the Department of Veterans Affairs requires less proof of disability than the Social Security Administration does." Allord v. Barnhart, 455 F.3d 818, 820 (7th Cir. 2006). Nonetheless, the court of appeals has made it clear that such decisions must be afforded some consideration, id., and administrative law judges cannot rely solely on the differences among the various governmental entities in rejecting another agency's disability determination. Hall v. Colvin, 778 F.3d 688, 691 (7th Cir. 2015).

In this instance, the administrative law judge's decision satisfies these standards. The administrative law judge stated that he was giving "little weight" to the VA decision because "[d]isability ratings of other governmental agencies are not dispositive under the Social Security Act and regulations." AR 1615. However, he did not stop there. He went on to explain that the VA had not re-examined plaintiff since this assessment was made, and specifically indicated that it would not conduct additional exams. Id. This was significant, because the VA's determination came in 2004 and was based on examinations from 2003, whereas subsequent medical records showed that plaintiff's back condition later improved with exercise, martial arts and physical therapy and that plaintiff had testified at the hearing "that if she had a sit/stand option during the relevant period, she would have been able to work." Id. Specifically, plaintiff said she "probably could" have worked at 40-hour workweek before 2008 if she had had a "sit/stand opinion at will." AR 1639. This was also

8

during the time in which plaintiff was taking pain medication that made her drowsy. AR 1640.

Contrary to plaintiff's arguments, the administrative law judge cited evidence in the record to support his findings. In reviewing plaintiff's medical records, the administrative law judge noted that plaintiff had medical records from 2003 showing a minimal disk bulge at L5-S1, low back pain from an old herniated disk and degenerative disk disease. AR 1613. However, in June 2005, plaintiff reported that her back pain was "off" and "on" depending on her activity level, and in January 2006, she reported that her back had been doing well. Id. In August 2006, plaintiff reported that she had been suffering from back pain for three weeks, but that she had been doing martial arts, which had helped her improve her flexibility and strength. Id. She was seen for back pain again in March 2007, February 2008 and September 2008, although at the September 2008 appointment, plaintiff reported that her back had been doing well for several months prior to that appointment. Id. The administrative law judge concluded that the VA's 2004 decision did not account for improvements in plaintiff's condition as shown in her subsequent medical records.

Plaintiff also argues that the administrative law judge failed to discuss specifically the VA's finding that plaintiff's frequent medical appointments would make employment difficult. She states that she visited treatment providers more than 50 times between July 26, 2003 and December 31, 2008. Plt.'s Br., dkt. #9, at 20. However, plaintiff cites no legal authority to support the proposition that missing work for medical appointments once or twice a month would render her unable to work. Additionally, plaintiff has not shown

9

that she has any medical evidence, such as an opinion from a treating provider, that supports a finding that her impairments required so many appointments that she would be unable to obtain a full time job. Hoppa v. Colvin, No. 12-CV-847-BBC, 2013 WL 5874639, at *5 (W.D. Wis. Oct. 31, 2013) ("If the 'sheer number of medical visits' were sufficient on its own, claimants could manufacture their own disabilities simply by going to the doctor as often as possible for any or no reason.").

In sum, an administrative law judge is entitled to give little weight to the VA's disability determination if it is based on medical evidence that he or she believes does not support a finding of disability under the Social Security Administration's guidelines. Derry v. Berryhill, No. 16-CV-11434, 2018 WL 656084, at *2 (N.D. Ill. Feb. 1, 2018) (rejecting argument that administrative law judge failed to explain adequately why he did not give more weight to VA's finding of disability); Evans v. Colvin, No. 4:15-CV-04165-JEH, 2016 WL 6584470, at *4 (C.D. Ill. Nov. 7, 2016) (same); Cleveland v. Colvin, No. 14 C 7579, 2016 WL 704832, at *15–16 (N.D. Ill. Feb. 23, 2016) (same). Here, the administrative law judge considered and weighed the VA's determination and did not ignore the agency's findings. Therefore, plaintiff has failed to identify any error in the administrative law judge's analysis of the VA's determination.

B. Opinions of Physician Assistant Loren Arends and Dr. Richard Ahn

Plaintiff's second argument is that the administrative law judge failed to explain adequately why he gave only "little weight" to the opinions of plaintiff's treating physician

10

assistant, Loren Arends, and Dr. Richard Ahn. In a letter to plaintiff dated April 25, 2003, Arends wrote that plaintiff had a diagnosis of a herniated disk in 1997 and continued to have low back pain that radiated down her right leg and caused intermittent leg weakness. AR 1005. Arends also noted that plaintiff's March 2003 magnetic resonance imaging study showed the herniated disk and a new disk desiccation. Id. In Arends' assessment, plaintiff had the permanent limitations of no lifting over five pounds, no prolonged standing or sitting for more than 30 minutes, no sit-ups, no push-ups and no bending. Id. Dr. Ahn, plaintiff's primary physician at the time, also signed the letter. Id.

Under the regulations applicable to plaintiff's claim, the opinions of treating physicians such as Arends and Ahn are entitled to controlling weight if they are supported by objective medical evidence and are consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013). Although an administrative law judge is not required to give a treating physician's opinion controlling weight, he is required to provide a sound explanation for rejecting it. Id. Further, "[i]f an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." Moss v. Astrue, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527).

Here, the administrative law judge gave the assessment by Arends and Ahn "little weight" for many of the same reasons he rejected the VA's disability determination. In

11

particular, (1) Arends' letter was written three months prior to plaintiff's alleged onset date and was based on an exam that occurred four months before the alleged onset date, and (2) subsequent medical records showed that plaintiff's back condition improved with exercise, martial arts and physical therapy. AR 1615. Both of these are valid reasons for discounting Arends' letter. Thompson v. Colvin, 575 F. App'x 668, 675 (7th Cir. 2014) ("[T]he ALJ properly recognized the August 2006 letter was written before the amended onset date of August 2007.")

The timing of the letter was particularly significant in this case because plaintiff's date last insured was December 31, 2008, but she did not file for benefits until January 2011. To be entitled to benefits, plaintiff had to show she was disabled before the date she was last insured (December 31, 2008). Eichstadt v. Astrue, 534 F.3d 663, 665 (7th Cir. 2008); 42 U.S.C. § 416(i). She also had to show that she was disabled within 12 months of her application. 20 C.F.R. § 404.320(b)(3) (disability claimant must "file an application while disabled, or no later than 12 months after the month in which [the] period of disability ended"). See also McQuestion v. Astrue, 629 F. Supp. 2d 887, 902–03 (E.D. Wis. 2009) ("[D]isability must exist while the claimant is insured, it must last at least twelve months, and it may not end more than twelve months before the application is filed."). The administrative law judge concluded that even if plaintiff was disabled in 2003, before her date last insured, the evidence did not support a finding a disability after 2006. AR 1616 ("[E]ven if the claimant was disabled between the alleged onset date and January 2006, she

would not be entitled to any benefit payments as the period of disability ended outside the application retroactivity date.").

Plaintiff raises several unpersuasive arguments to challenge the administrative law judge's analysis. First, she contends that the administrative law judge gave too much weight to the alleged onset date and should have considered whether plaintiff's disability began earlier. However, plaintiff was the one who chose the alleged onset date, not the administrative law judge. Moreover, the administrative law judge concluded that Arends' letter did not account for plaintiff's subsequent improvement and increased activities. Thus, even if plaintiff had alleged an earlier onset date, the administrative law judge cited evidence showing that plaintiff had several appointments during the relevant period in which she reported both her back pain was not significant and that she was able to engage in numerous physical activities. Further, plaintiff has not challenged the administrative law judge's finding that her subjective complaints were not consistent with the medical evidence.

Next, plaintiff contends that the administrative law judge should have discounted the opinions of the agency physicians, because their opinions were issued after the relevant period. However, the agency physicians reviewed records from the relevant period and gave opinions about the relevant period. AR 394-401, 690-97. In contrast, the opinion from Arends and Ahn was based solely on medical examinations from before the relevant period began.

Finally, plaintiff contends that the administrative law judge failed to consider that plaintiff received treatment and surgery for her back in 2013 and 2014, even though the

13

administrative law judge discussed plaintiff's testimony regarding her treatment in 2013, 2014 and 2015, as well as a medical opinion from a physician assistant issued in 2013. AR 1614, 1616. This treatment and opinion fell outside the relevant period, and plaintiff cites no medical evidence or opinion suggesting that the evidence shows that she was disabled during the relevant time period. Eichstadt v. Astrue, 534 F.3d 663, 667 (7th Cir. 2008) (rejecting plaintiff's argument that administrative law judge failed to consider evidence that "post-dated [plaintiff's] date last insured," noting that it was within her authority to "conclude[] that the evidence was irrelevant, because it did not address the correct time period").

For these reasons, plaintiff's argument that the commissioner failed to give adequate weight to the opinion of her treating medical providers is not persuasive.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, acting Commissioner of Social Security, is AFFIRMED and plaintiff Mary Edwards' appeal is

DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 1st day of November, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge